1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GS L. Love El, et al.,                    No.  2:19-cv-01395-KJM-KJN PS

12              Plaintiffs,

13      v.                                      ORDER

14   TROY NUNLEY, et al.,

15              Defendants.

16

17       Plaintiff GS L. Love El,[1] who is proceeding without counsel in this action, has requested

18   leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[2]  (ECF No. 3.)  Plaintiff's

19   application in support of his request to proceed in forma pauperis makes the showing required by

20   28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

21       The determination that a plaintiff may proceed in forma pauperis does not complete the

22   required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any

23

24   _____
     [1] The "Mororish Science Temple of America" is also listed as a plaintiff in this action, but it is
25   unclear how the Temple has standing in this action for false arrest.  Additionally, the temple is not
     represented by counsel, as required by federal law.  See Rowland v. California Men's Colony,
26   Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993).  Accordingly, the court only refers to
     plaintiff, GS L. Love El.
27
     [2] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C.
28   § 636(b)(1).
                                              1

time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, complaints must assert enough facts to state a claim that is plausible on its face. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, and construe the complaint in the light most favorable to the plaintiff. See Papasan v. Allain, 478 U.S. 265, 283 (1986).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Here, plaintiff's complaint does not state a claim for which relief can be granted. The complaint is entitled "CIVIL COMPLAINT FOR GENOCIDE, FALSE ARREST, KIDNAPPING, AND VIOLATION OF DUE PROCESS." As best the court can tell, plaintiff alleges that on June 6, 2019, he was pulled over by the U.S. Marshals on his way to the federal courthouse to file a writ for an associate of his.[3] Plaintiff further asserts that he was handcuffed

---

[3] From the record before the court it does not appear that plaintiff is a licensed attorney.

and detained while a warrant search was processed, before being let go. The court takes plaintiff's complaint as a claim of false arrest by federal officers in violation of the Fourth Amendment under <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971).[4]

The Fourth Amendment protects individuals from arrest without probable cause. <u>Beck v. Ohio</u>, 379 U.S. 89, 91 (1964); <u>United States v. Watson</u>, 423 U.S. 411, 417 (1976). To make a valid claim for false arrest, the plaintiff "*must* plead facts that would show [defendant] ordered or otherwise procured the arrests and *the arrests were without probable cause*." <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 918 (9th Cir. 2012) (emphasis added). An arrest is supported by probable cause if, "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." <u>Grant v. City of Long Beach</u>, 315 F.3d 1081, 1085 (9th Cir.2002) (internal quotation and citation omitted). Objective facts and circumstances known to the officer at the time of the arrest determine its validity. <u>Beck</u>, 379 U.S. at 96. The existence of probable cause defeats a claim for false arrest. <u>Hart v. Parks</u>, 450 F.3d 1059, 1069 (9th Cir.2006).

Here, plaintiff simply alleges, at most, that he was "falsely arrested by the U.S. Marshals." A conclusory allegation that the defendants "falsely" arrested him, without further allegations or facts that the Marshals lacked probable cause is insufficient to state a claim for a violation of plaintiff's Fourth Amendment rights. <u>See Lacey</u>, 693 F.3d at 918. Although the court is required to read the complaint liberally, the court cannot supply essential elements of a claim that are not pleaded. <u>See Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Additionally, based on plaintiff's complaint it is unclear whether he was in fact arrested. Plaintiff simply alleges that he was placed in handcuffs and defendants pointed their firearms at him, but does not allege how long he was detained or any additional circumstances. These facts, without more, are likely not sufficient to state a claim for false arrest. <u>See Allen v. City of Los Angeles</u>, 66 F.3d 1052, 1056 (9th Cir. 1995) ("Pointing a weapon at a suspect, ordering him to lie on the ground, handcuffing him, and placing him for a brief period in a police vehicle for

---

[4] The court does not address the remaining claims only contained in plaintiff's caption.

questioning—whether singly or in combination—does not automatically convert an investigatory detention into an arrest requiring probable cause"); United States v. Bautista, 684 F.2d 1286, 1289–90 (9th Cir. 1982) (finding that the brief use of handcuffs did not transform a Terry stop into an arrest).

Therefore, plaintiff has failed to state a claim for which relief can be granted, which alone would be proper grounds to dismiss the action pursuant to 28 U.S.C. § 1915. Nevertheless, in light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a claim, the court finds it appropriate to grant plaintiff an opportunity to amend his complaint.

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint," shall be typed or written in legible handwriting, shall address the deficiencies outlined in this order, and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed, but with leave to amend.

3. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice.

///

4

4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: October 7, 2019

_Kendall J. Newman_

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1395