UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS L. LOVE El, et al., | No. 2:19-cv-01395-KJM-KJN PS |
| Plaintiffs, | |
| v. | ORDER |
| TROY NUNLEY, et al., | |
| Defendants. | |

On October 7, 2019, plaintiff GS L. Love El,[1] who is proceeding without counsel in this action, was granted leave to proceed in forma pauperis. (ECF No. 9.) Simultaneously, the court dismissed plaintiff's complaint and granted him leave to amend. (Id.) The court ordered that within 28 days, or by November 4, 2019, "plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice." (Id. at 4.) The court also warned plaintiff that "[f]ailure to file either a first amended complaint or a notice of voluntary dismissal without prejudice by the required deadline may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b)." (Id.

---

[1] The "Mororish Science Temple of America" is also listed as a plaintiff in this action, but it is unclear how the Temple has standing in this action for false arrest. Additionally, the Temple is not represented by counsel, as required by federal law. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993). Accordingly, the court only refers to plaintiff, GS L. Love El.

1

at 5.) The deadline having passed, plaintiff has failed to file a first amended complaint or a notice of voluntary dismissal.

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case, or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

This court's Local Rules are in accord. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

E.D. Cal. L.R. 183(a).

The court has considered recommending dismissal of this action based upon plaintiff's failure to follow the court's October 7, 2019 order. However, in light of plaintiff's pro se status, and the court's strong desire to have this matter resolved on the merits, the court affords plaintiff another opportunity to comply with the court's prior order.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 14 days of this order plaintiff shall (a) show cause in writing why this action should not be dismissed and (b) file a first amended complaint in accordance with the court's October 7, 2019 order. (ECF No. 9.)

2. Plaintiff's failure to file the required response shall constitute an additional ground for, and plaintiff's consent to, a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

IT IS SO ORDERED.

Dated: November 21, 2019

*[Signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1395